**E-FILED**
Monday, 14 September, 2009  04:13:13 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | | |
|---|---|---|---|
| PATRICIA WHEELER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. | 09-3234 |
| | ) | | |
| CREDITORS FINANCIAL GROUP, LLC, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, PATRICIA WHEELER ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, CREDITORS FINANCIAL GROUP, LLC, alleges and affirmatively states as follows:

### INTRODUCTION

1.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  (15 U.S.C. 1692(a) – (e)).

2.      Plaintiff, through Plaintiff's attorney, brings this action to challenge the actions of CREDITORS FINANCIAL GROUP, LLC (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.      For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4.      Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5.      Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

6.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

7.      Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8.      Plaintiff is a natural person who resides in the City of Springfield, County of Sangamon, State of Illinois and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in Buffalo, New York.

10.     Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

///

///

VERIFIED COMPLAINT                                                    2

## FACTUAL ALLEGATIONS

11.     Defendant has been contacting Plaintiff regarding an alleged debt owed.

12.     On or about October 27, 2008, Defendant's agent "Ms. Benjamin" at 1-877-298-2251 ext. 3322 called Plaintiff's home (217) 793-2948 attempting to collect upon an alleged debt owed to Bank of America.  (See Exhibit A).

13.     "Ms. Benjamin" initially refused to provide Plaintiff with information about the reason for the call so Plaintiff terminated the call.

14.     "Ms. Benjamin" proceeded to immediately call Plaintiff back on her home phone and told Plaintiff that hanging up the phone would not protect her.  (See Exhibit A).

15.     "Ms. Benjamin" threatened to send the police to Plaintiff's door to serve Plaintiff with summons if immediate payment was not made.  (See Exhibit A).

16.     To date, Defendant has yet to file suit against Plaintiff and send the police to her door to serve her with paperwork.

17.     "Ms. Benjamin" falsely threatened Plaintiff with criminal charges by informing her that Plaintiff was attempting to defraud the original creditor.  (See Exhibit A).

18.     Plaintiff and her husband later called Defendant and requested that Defendant send Plaintiff written confirmation of the information that was given to them by "Ms. Benjamin" on October 27, 2009.

19.     Defendant agreed to send such information in writing via facsimile to Plaintiff.

20.     Despite this, Defendant has yet to send anything in writing to Plaintiff regarding the alleged debt owed.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21.     Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

22.     Defendant **violated the FDCPA**.  Defendant's violations include, but are not limited to the following:

a).     Defendant violated the FDCPA § 1692d when Defendant, through its agents, employees and legal counsel, engaged in conduct of which the natural consequence is the abuse and harassment of the Plaintiff.

b).      Defendant violated the FDCPA § 1692e when Defendant, through its agents, employees and legal counsel, made false and deceptive statements to Plaintiff in an attempt to collect upon the alleged debt owed.

c).     Defendant violated the FDCPA § 1692e(2)(A) when Defendant, through its agents, employees and legal counsel, falsely represented the legal status of the alleged debt by threatening Plaintiff with immediate service of summons when no such lawsuit had yet to be filed in any applicable court.

d).     Defendant violated the FDCPA § 1692e(4) when Defendant, through its agents, employees and legal counsel, falsely threatened Plaintiff with arrest by telling Plaintiff that she was attempting to defraud the original creditor by refusing to pay Defendant.

e).     Defendant violated the FDCPA § 1692e(5) when Defendant, through its agents, employees and legal counsel, falsely threatened legal action against Plaintiff.

f).     Defendant violated the FDCPA § 1692e(10) when Defendant, through its agents,

employees and legal counsel, used the deceptive tactic of falsely threatening legal action, including false criminal charges, against Plaintiff in its attempts to collect upon an alleged debt.

g).    Defendant violated the FDCPA § 1692g when Defendant, through its agents, employees and legal counsel, failed to provide Plaintiff with written notice of her rights to dispute and/or seek validation of the alleged debt owed within five (5) days of the initial communication.

23.    As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress.  (See Exhibit B).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

24. Declaratory judgment that the Defendant's conduct violated the FDCPA.

25. Actual damages.

26. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

27. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

28. Any other relief that this court deems to be just and proper.


RESPECTFULLY SUBMITTED,


BY:__/s/Adam J. Krohn_____
Adam J. Krohn
Krohn & Moss, Ltd.
Attorneys for Plaintiff
10474 Santa Monica Blvd., Ste. 401
Los Angeles, CA 90025
T: (323) 988-2400
F: (866) 802-0021


**DEMAND FOR JURY TRIAL**

VERIFIED COMPLAINT                                                          5

PLEASE TAKE NOTICE that Plaintiff, PATRICIA WHEELER, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS)

      Plaintiff, PATRICIA WHEELER, says as follows:

1.     I am a Plaintiff in this civil proceeding.
2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.     Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.     Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

      Pursuant to 28 U.S.C. § 1746(2), I, PATRICIA WHEELER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _9-3-09_

                         _Patricia Wheeler_
                         PATRICIA WHEELER,
                         Plaintiff

**<u>EXHIBIT A</u>**

*#112060876*

*Patricia & Kenneth Wheeler*

TO:  UCAN
FROM:  Patricia A. Wheeler, 2461 Glencoe St., Springfield, Illinois
DATE: October 27, 2008

As per my telephone conversation with you this morning regarding a telephone call I received shortly after 8:00 A.M.  The caller said she was Ms. Benjamin and asked if I was Patricia Wheeler and was my Social Security Number 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.  I asked her the nature of this call, which she refused to tell me.  So I said "No" and disconnected the call. She immediately called me back and told me hanging up was not going to "protect" me and again asked if my name and Social Security number was correct , saying, " It's a simple question: Yes or NO".  I told her "Yes".

She then she proceeded to tell me she was with Creditors Financial Group and was calling about my account with Bank Of America and stated that I owe a balance of $2,726.00 and would accept a 32% down payment ($872.00) and $250.00 per month thereafter.  I was then threatened with either agreeing to do this or "there will be a policeman at your door with a summons to appear in court" charging me with "attempting to defraud"!  She also said that this had to do with the state of things concerning today's economic situation and the state of banks. This so upset me that I actually began to tremble .  I am only now (11:30 A.M.) able to sit down and write this in what I hope is an understandable explanation of this nerve wracking occurrence.

I explained to her that my daughter has my Power of Attorney and is working with a debt settlement firm (CNI).  Ms Benjamin told me Bank Of America will not work with debt settlement companies.  I told her I would call my daughter about this and get back to her. She said it must be within an hour "or there will be policeman at your door".  I told her that my daughter lives in California and I could not call her at what would be a very early time – a little after six o'clock.  She agreed to this as long as it was within an hour.

By this time my husband, Kenneth, was up and I explained to him what had transpired. He asked me to call them back and ask them to fax us a letter entailing the information of my earlier telephone conversation.  So I called her back.  After speaking with someone else – I don't remember his name but he did tell me that Ms. Benjamin's first name is Mae and that he didn't have time to write a letter - I finally got to her.  She implied that I did not understand the situation and said she would call my daughter, so I gave her Deborah's number.  My husband was very upset that I was so upset, so he called them and asked them to fax us a letter on their stationary confirming the information given me during my earlier conversation with Ms Benjamin.  Ultimately they agreed to do this, but we have not received it at this writing.

Common sense tells me that this is an attempt to scare me into sending them money or at least agreeing to do so.  It also tells me that first a suit must be filed before a summons can be procured and delivered.  To the best of my knowledge no suit has been filed.  But threatening such dire consequences as having to defend my self against a fraud charge – and a bank fraud to boot and in these volatile financial times - pushed her efforts beyond

*Patti*

the pale and threw me for a loop. My entire day has been affected by this. Just trying to push it aside and go about my every day business is a near impossibility

I have talked to Deborah who has urged me to contact you. She has not heard from Ms. Benjamin or anyone else at Creditors Financial Group. I have also contacted CNI and they said they would contact either Bank of America or Creditors Financial Group. My husband is giving serious consideration to contacting the Federal Trade Commission. These kinds of threats are not allowed in Illinois. As you suggested, I may also contact the Attorney General. We are both senior citizens. My husband is 78 and I will soon be 77. There are laws in this state protecting senior citizens and I believe one of them may pertain to harassments and threats, especially idle threats. Although my husband is in poor health, he is not apt to keel over because of all this. However, this kind of behavior on the part of Creditors Financial Group is enough to do serious damage to those of the senior population who do suffer from heart or high blood pressure problems

 If you need any further information from me or my husband, you can reach us at 217-793-2948. Thank you for your help. I trust this will suffice with respect to what occurred and how I felt/feel about it.

Creditors Financial Group, LLC Phone # 1-877-298-2251
M. Benjamin's extension 3322

**<u>EXHIBIT B</u>**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness ............................................................... (YES)  NO
2. Fear of answering the telephone ................................. (YES)  NO
3. Nervousness ................................................................. (YES)  NO
4. Fear of answering the door ......................................... (YES)  NO
5. Embarrassment when speaking with family or friends ... (YES)  NO
6. Depressions (sad, anxious, or "empty" moods) ............ (YES)  NO
7. Chest pains .................................................................. YES  NO
8. Feelings of hopelessness, pessimism .......................... YES  NO
9. Feelings of guilt, worthlessness, helplessness ............ (YES)  NO
10. Appetite and/or weight loss or overeating and weight gain ... YES  NO
11. Thoughts of death, suicide or suicide attempts .......... YES  NO
12. Restlessness or irritability .......................................... YES  NO
13. Headache, nausea, chronic pain or fatigue ................. YES  NO
14. Negative impact on my job .......................................... (YES)  NO
15. Negative impact on my relationships ........................... YES  NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _Made me feel like a_
_second class citizen – a deadbeat_
_who could pay their debts but_
_simply refuses to do so._
_____
_____
_____

    Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _9-3-09_                    _Patricia Wheeler_
                                    Signed Name

                                    _Patricia Wheeler_
                                    Printed Name